UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW COUGHLIN,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. TSUBAKI, INC.,<br><br>    Defendant | CIVIL ACTION NO. 09-30086 |

**RENEWED MOTION TO DISMISS FOR CONTINUING FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS**

U.S. Tsubaki, Inc., Defendant in the above-captioned matter seeks dismissal of this action based on Plaintiff's continuing failure to comply with discovery obligations. Plaintiff has failed to respond appropriately to Interrogatories and Requests for Production of Documents served on June 8, 2010, despite repeated assurances to opposing counsel and an order of this court. Thus, Plaintiff has still not produced a single document requested, nor answered all subparts to appropriate interrogatories.

In support of this Motion Defendant submits as follows:

1. On June 8, 2010 Defendant served on Plaintiff written Interrogatories and a First Request for Production of Documents.

2. Counsel assented to an extension until July 21, 2010, and then another request for an extension until Monday, July 27, 2010.

3. Plaintiff failed to produce *any* discovery and, on August 6, 2010, Defendant filed a Motion to Compel and For Sanctions.

4. On August 23, 2010 the court allowed the Motion to Compel and For Sanctions in part, and denied the motion in part. In relevant part the court ruled: "As Plaintiff acknowledges, at least with respect to his obligation to answer the interrogatories, he was required to provide discovery in the present matter

despite prior discovery having been produced before the MCAD. Having not done so in a timely manner, Plaintiff shall respond to the outstanding document requests by September 1, 2010 (Plaintiff having represented that he answered the outstanding interrogatories in the interim)." The court also assessed limited costs relating to the filing of the Motion to Compel.

5. In fact Answers to Interrogatories had not been served at the time, but were soon after the court order. The Answers to Interrogatories were woefully inadequate, with certain interrogatories responses being unaddressed in whole or in part. While a document entitled Responses to Document Requests were produced no responsive documents were produced, even as to matters where the Plaintiff did not contend that documents did not exist, despite the court's earlier order.

6. In compliance with its obligation to narrow discovery on September 8, 2010, the undersigned wrote a detailed letter to Plaintiff's counsel, outlining the deficiencies. (*See* Ex. 1) As to the document request counsel for Defendant wrote:

> As to the Request for Production of Documents, I received your "Responses" on September 7, 2010, after the deadline established by the court. Not a single document was produced. Nor was there any log indicating what documents you believed were in our possession from the M.C.A.D. proceedings that would be responsive to the specific requests made. When we spoke you indicated a preference not to send over all the documents already produced before the initiation of this action. At that time I was very clear that I wanted to make sure I had all responsive documents, and that if documents were not being produced, I would at a minimum need an index clearly identifying each responsive document not being produced based on the fact that it had been turned over already so that there was no ambiguity or uncertainty as to what documents existed that Plaintiff believes exists and are responsive to each specific request. All I received is what I expressly said was not going to be satisfactory, a general reference that documents were been produced during the MCAD proceeding (a proceeding in which you were not counsel.) As I result, I do not know the specific documents you may believe were produced, or which of these purportedly produced documents you assert are responsive to each request having been made in this federal court proceeding. Further, since those discovery requests at the MCAD were made 3 years ago it is hard to believe that there are not responsive documents that were not produced in response to a document request made three years ago. At this point so that we can prepare to take depositions, please forward all documents in a fashion consistent with the federal rules. [1]

---

[1] The September 8, 2010 letter also detailed why the Answers to Interrogatories also materially failed to comply discovery obligations, pointed out the deficiencies for each

2

.

7. When Plaintiff's counsel indicated that due to a vacation and other business he would not be able to discuss discovery issues until September 20, 2010, and with a discovery deadline of October 23, 2010 pending, Defendant, on September 14 2010, filed a Motion to Extend Discovery Deadline.

8. The following day, the court denied the motion without prejudice to reconsideration once discovery disputes were resolved.

9. The parties scheduled a telephone conference for September 23, 2010, to narrow the discovery dispute. Just prior to the telephone conference Plaintiff served a Supplemental Answer to Interrogatories (Attached as Ex. 2) but, as relates to the Request for Documents, documents (or document logs) were produced.

10. During the telephone conference on September 23, 2010, counsel for Plaintiff promised to respond to all the subparts of the Interrogatories still unanswered, and to produce the documents (or complete logs of responsive documents if he contended that they had been produced during the MCAD proceedings.) He further indicated he would draft a joint motion to extend the discovery deadline.

11. A Motion for Extension of Time was filed on September 28, 2010. In said Motion counsel for Plaintiff represented to the undersigned and the court that "*Plaintiff's counsel and Defendant's counsel have agreed that Plaintiff will attempt to cure the outstanding alleged deficiencies in the answers to interrogatories by no later than October 4, 2010 and to sure the alleged deficiencies in the response to the document request by no later than October 8, 2010.*"

12. Presumably based on these representations, the court allowed the Motion and extended the discovery deadline to December 23, 2010.

13. Defendant proceeded to schedule the deposition of Plaintiff for November 22, 2010, so that Defendant could meet the revised deadlines established by the court**.**

14. Notwithstanding the representations to the court Plaintiff still has not produced a single document in response to the Request for Production of Documents request served on June 8, 2010.  Notwithstanding the representations to the court Plaintiff has taken no action to respond to the deficiencies in his answers to interrogatories, and respond to all the long outstanding Interrogatories.

15. Plaintiff opposed the motions to dismiss and have these typical workday

---

response, many of which were a total failure to answer an interrogatory at all, in whole or in part.

disputes handled through the collective bargaining process, notwithstanding the provisions of the collective bargaining agreement that indicate that "employees waive their rights to pursue any judicial or agency remedy against the Company as to any matter subject to the procedures established in this Article until such procedures have been exhausted. Having successfully argued that they may present their workplace issues in a federal court, they should be bound by the rules of procedure, and the continuing unjustified failure to comply with the rules of discovery, is extremely prejudicial to Defendant ability to defend itself and should no longer be countenanced by the court.

For all the reasons cited above the Complaint should be dismissed for failure to comply with discovery obligations.

Respectfully submitted,

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Respondent
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144

Dated:   November 12, 2010       Tel. (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Memorandum in Support of Defendant's Renewed Motion To Dismiss For Continuing Failure To Comply With Discovery Obligations* was served upon the attorney of record for each other party via electronic mail.

  /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.